FILED
2015 MAY 11 PM 3:51
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ST. JUDE MEDICAL S.C., INC.,

    Plaintiff,

v.

LOUISE MARIE JANSSEN-COUNOTTE

    Defendant.

Case No.: 1:14-cv-00877-SS

## CONSENT ORDER GRANTING MOTION TO COMPEL

On this day came to be considered Plaintiff St. Jude Medical S.C., Inc.'s ("St. Jude") Motion to Compel Production of Electronic Devices for Inspection and for Extension of Time to Serve Written Settlement Offer. The Court having directed the parties to meet and confer and the parties having agreed to the order,

IT IS ORDERED THAT Plaintiff St. Jude Medical S.C., Inc.'s Motion to Compel is GRANTED;

IT IS FURTHER ORDERED THAT the parties are ordered to proceed with the production and inspection of Ms. Janssen's Electronic Storage Devices (as defined in the Forensic Analysis Protocol attached as Exhibit A hereto) according to the terms of that Computer Forensic Analysis Protocol;

IT IS FURTHER ORDERED THAT Defendant Louise Marie Janssen-Counotte shall, within SEVEN (7) DAYS of entry of this order, deliver all Electronic Storage Devices in her



possession, custody, or control to the Third Party Forensic Expert (with the exception of 14 days for her current Biotronik computer);

IT IS FURTHER ORDERED THAT the Third Party Expert shall image the Electronic Storage Devices and proceed with the Computer Forensic Analysis Protocol immediately upon receipt of the Electronic Storage Devices;

IT IS FINALLY ORDERED THAT the Scheduling Order in this matter is modified as follows: parties asserting claims for relief shall submit a written settlement offer to opposing parties by **September 1, 2015,** and each opposing party shall respond, in writing, by **September 21, 2015**. Said settlement offers remain otherwise governed by the terms of Paragraph 2 of the Scheduling Order [#46].

SO ORDERED this 11th day of May, 2015, at 3:30 pm.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE

Agreed as to form and content:

| /s/ *M. Scott Incerto* | /s/ *Charles Cohen* |
|---|---|

M. Scott Incerto
Texas Bar No. 10388950
scott.incerto@nortonrosefulbright.com
James I. Hughes
Texas Bar No. 24074453
james.hughes@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255

Layne E. Kruse
Texas Bar No. 1742550
layne.kruse@nortonrosefulbright.com
Darryl W. Anderson
Texas Bar No. 24008694
darryl.anderson@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

*Counsel for Plaintiff St. Jude Medical S.C., Inc.*

Lisa A. Paulson
Texas Bar No. 00784732
Shannon H. Ratliff
Texas Bar No. 16573000
RATLIFF LAW FIRM, PLLC
600 Congress Avenue Suite 3100 Austin,
Texas 78701-2984
(512) 493-9600
(512) 493-9625 (fax)
lpaulson@ratifflaw.com
sratliff@ratlifflaw.com

-and-

Ned H. Bassen (Admitted *Pro Hac Vice*)
Charles Cohen (Admitted *Pro Hac Vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
(212) 422-4726 (fax)
ned.bassen@hugheshubbard.com
charles.cohen@hugheshubbard.com

*Counsel for Defendant Louise Marie Janssen-Counotte*

Of counsel:

CLIFFORD CHANCE US LLP
Stephen M. Nickelsburg
(Admitted *Pro Hac Vice)*
Roni Bergoffen (Admitted *Pro Hac Vice*)
2001 K Street NW
Washington, DC 20006-1001

# EXHIBIT A

# FORENSIC ANALYSIS PROTOCOL

1. **Definitions**

    a. "Protective Order" means the Confidentiality and Protective Order entered in the Lawsuit on September 24, 2014.

    b. "Electronic Storage Device" shall mean any computer, computer hard drive, external storage device (e.g., thumb drive, memory stick, and the like), smart phone, personal digital assistant, tablet computer, or other device that contains discoverable, electronically stored information.

    c. "Forensic Evidence File" means computer-generated records that are computer stored including, but not limited to USB device history reports, LNK file reports, shellbag reports, file list reports, recent file lists; and internet history reports and e-mail logs. This term does not, however, include user created content or documents that are stored on any Electronic Storage Device.

    d. "Forensic Image" means an image of the electronically stored information on an Electronic Storage Device made in a manner that does not alter the information contained on the Electronic Storage Device or otherwise damage the device, and that preserves such information for analysis in accordance with accepted industry standards.

e. "Producing Party" means the party that makes an Electronic Storage Device within its possession or control available for forensic analysis.

f. "Requesting Party" means the party to the Lawsuit that requests production of the Electronic Storage Device pursuant to discovery request or subpoena.

g. "Neutral Expert" means the neutral third-party forensic computer expert engaged to conduct the forensic examination of the Electronic Storage Devices.

2. The fees and costs incurred for the work of the Neutral Expert with respect to each Electronic Storage Device shall be paid by the Requesting Party of such Electronic Storage Device, except that if a Producing Party requests a copy of a Forensic Image or Forensic Evidence File created from its own Electronic Storage Device, the Producing Party shall pay the costs associated with creating and providing such copy.

3. The Parties will produce as an initial matter all Electronic Storage Devices to the Neutral Expert as follows: (i) Ms. Janssen will make available all Electronic Storage Devices in her possession, custody, or control that she has used from January 1, 2012 to present; and (ii) St. Jude will make available Ms. Janssen's company issued laptop and phone. Each Party shall provide the other Party a list of the Electronic Storage Devices provided to the Neutral Expert and a representation that the list is complete. Further requests for electronic examination of additional devices will be subject to the procedures set forth herein, unless otherwise agreed.

4. The Parties shall confer with the Neutral Expert upon the Neutral Expert's acceptance of the engagement to undertake the work set forth in this protocol, to create a schedule for the Neutral Expert to make a Forensic Image of the Electronic Storage Devices. The Protocol

Parties agree that the imaging should be completed as soon as reasonably possible and that the Electronic Storage Devices should be in the custody of the Neutral Expert for the shortest reasonable time under the circumstances. The Parties acknowledge that among the devices to be delivered are personal and business devices that Ms. Janssen may need and use on a daily basis. Furthermore, the Neutral Expert shall use its best efforts to make the Forensic Image and to make all Electronic Storage Devices available to the Producing Party on the same day that they are delivered.

5. From the Forensic Image of the Electronic Storage Devices the Neutral Expert will conduct analysis on the Forensic Images as directed by the Requesting Party within the bounds of discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas (together, the "Rules") as follows:

   a. Any requested Forensic Evidence File shall be produced by the Neutral Expert to the Producing Party without prior review by the Requesting Party. Such Forensic Evidence Files will be designated Attorneys Eyes Only information, pursuant to the Protective Order. The Producing Party will notify the Requesting Party of any objection within 5 days, produce any portion of any Forensic Evidence File not objected to, and the Parties will confer and negotiate in good faith to resolve any objection.

   b. The Neutral Expert will search the Electronic Storage Devices produced by Ms. Janssen for hits on search terms as set out in Attachment 1. Any further proposed search terms shall be provided to counsel for the Producing Party prior to any searches being conducted on the Forensic Image(s). Counsel for the Producing

Party shall have 5 business days to object to the further proposed search terms. The parties shall first try to resolve the dispute in good faith on an informal basis. In the event the parties are unable to resolve the dispute, the party proposing the search term may move the Court for an order allowing the use of the proposed search terms. For the avoidance of doubt, if a producing party objects to some, but not all, of the search terms proposed by a requesting party, the Neutral Expert may proceed with searching any terms the producing party has not objected to even if a dispute remains ongoing for other terms.

c. Before disclosing any user-created content or documents ("Documents") contained on the Electronic Storage Devices to a Requesting Party, the Neutral Expert shall prepare and furnish to the Producing Party a report listing the file names, create date, access date, and other available file information for such documents without disclosing the content of such documents ("File Listing"), subject to the procedure in Paragraph 5(a). Any such File Listing will be designated Attorneys Eyes Only information, pursuant to the Protective Order.

d. Upon receipt of a File Listing from the Neutral Expert, counsel for Requesting Party will identify for the Neutral Expert those files it believes may be responsive to discovery or may contain information relevant to the claims and defenses at issue in the Lawsuit. The Neutral Expert will furnish to Producing Party's counsel all such files identified by Requesting Party.

e. Within 30 days of receiving files from the Neutral Expert pursuant to the preceding paragraph, Producing Party shall produce to Requesting Party's counsel

all files furnished by the Neutral Expert except those containing privileged or non-discoverable information, which shall be listed on a privilege log accompanying the production. Such privilege log shall identify the document being withheld and the ground(s) for withholding.

    f. Counsel for the Producing Party may designate any reports, documents, or other information generated by analysis of Forensic Images as Confidential Information or Attorneys Eyes Only information, pursuant to the Protective Order.

6. The Neutral Expert shall retain complete forensic images of the Electronic Storage Devices until the conclusion of the Lawsuit or until both parties direct it in writing to deliver the forensic images in any other manner or to destroy them. At no time shall a non-Producing Party be allowed direct access to any Forensic Images or be provided with a copy of such images, absent consent of the Producing Party or a court order.

7. The Parties' counsel will confer with the Neutral Expert to address any logistical or scheduling matters necessary to perform the inspection. There shall be no *ex parte* communications between the Parties' counsel and the Neutral Expert with respect to the Agreed Protocol, except that counsel for Producing Party may provide the Neutral Expert with the passwords or other logistical information necessary to examine the Electronic Storage Devices without notice to Requesting Party.

8. In the event that the Neutral Expert's review of the Electronic Storage Devices reveals any communications between any Party and their attorneys, the Parties agree not to allege or argue that the other Party waived the attorney-client privilege by virtue of the fact that the Neutral Expert, as a third party, inadvertently viewed such communications.

9. This Protocol will be implemented without prejudice to any further inspection or examination that may be directed by the court, or in connection with other discovery in this matter.

10. This Protocol does not relieve any Party of their obligation of production under the Federal Rules of Civil Procedure.

**Attachment 1**
**Electronic Storage Devices Produced by Ms. Janssen**

The Neutral Expert will search the Electronic Storage Devices produced by Ms. Janssen for the following terms and phrases. For the purposes of this search, St. Jude is the Requesting Party and Ms. Janssen is the Producing Party.

General Terms

1. SJM
2. Jude
3. STJ
4. Strat!
5. CRM
6. Leadless
7. Pacemaker
8. Nanostim
9. Flag
10. Thumb
11. USB
12. Stick
13. Werner or Braun
14. Max or Schaldach
15. Christoph or Boehmer or Böhmer
16. Christian or Bluemel or Blümel
17. Jake or Langer
18. Ramon or Carrasquillo
19. John or Grubiak
20. Paul or Woodstock
21. Arin or Barooah
22. Chris or Delgado
23. XB
24. Ex-Boss
25. Offer!
26. Bio!
27. President
28. Hir!
29. Contract!
30. Immigrat!
31. Interview!
32. Visa
33. United States or US
34. New York or NY!
35. Berlin
36. Portland
37. Oregon or OR
38. [The Dutch and German equivalents of each of the above terms to be added].

File Name Terms

1. LTI
2. "Hypertension Disease State"
3. Tender
4. "How to regain growth"
5. 20140326
6. "kick of"
7. "TM" (to be searched as standalone word, i.e., not to capture all words containing TR)
8. "BR" (to be searched as standalone word, i.e., not to capture all words containing BR)
9. Outlook
10. Distributor
11. Distribtor
12. NMD
13. "Organisation Change"
14. "Open Order Report"
15. PP747
16. "Price List"
17. "Market release"
18. Fcst
19. "Action Items"
20. Al-Faisaliah
21. "Trunk Stock"
22. "DRUG-E69"
23. "Biotronik 4 9 2010"
24. "Braun 16sept07"
25. "ELC projects"
26. "The projects of the participants "
27. "Recommendations and Networks"
28. "Qualification Questionnaire with Leadership Responsibility"
29. ulrike
30. "Dr. Braun 16x25 cmyk HR"
31. "07.01. Strategy Prezi"
32. "140213 2014Q1 ID4 Executive Meetings"
33. "MJ Draft Employment Agreement v2[1]"
34. "hand over"
35. "Spinal Modulation Working Session"
36. "Letter to International Physicians Purchasers"
37. "Margin Improvement Program"
38. "Activities Q3-Q4"
39. "Near Exp Inventory"
40. "DBS NewsMJ"
41. "asp slides"
42. "Regional Reporting Package"
43. "ID4 minutes"
44. "SJM letter to NIHDI"

45. "Extra incentive"
46. "ME.xlsx"
47. "HZ Leipzig"
48. "communication plan"
49. "Boston ELM"
50. "Burst slide"
51. Dallager
52. "iDATA EUNEU10 TOC"
53. "reference material"
54. Golebicki
55. "Martin Chambers"
56. "Sven Van Dun"
57. Agenda
58. "SMI RIZIV"
59. "lay offs"
60. "clinical studies Burst"
61. "Licence to Sell"
62. "STCOGS OCOGS"
63. "AOK Bayer Schreiben RD"
64. "Organisation Change"
65. "VASC Structure"
66. "R4 VP Leadership"
67. "Dystonia letter for physician"
68. "Key Talent Action Tracking"
69. iran2